UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: ) | | Bankruptcy Case No. |
| GARY RONALD SCHRADER and ) | | 10-25590-SBB |
| JEANNE MARIE SCHRADER, ) | | Chapter 7 |
| Debtors. ) | | |
| Last four digits of SS#: 8574 and 7757 ) | | |
| _____ ) | | |
| ) | | |
| VECTRA BANK COLORADO, N.A., ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Adversary Proceeding No. |
| ) | | 10-01674-SBB |
| GARY RONALD SCHRADER and ) | | |
| JEANNE MARIE SCHRADER, ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' VERIFIED MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT (DOCKET #34)**

THIS MATTER comes before the Court for consideration of the Verified Motion for Summary Judgment and Memorandum in Support thereof filed by the Defendants, Gary Ronald Schrader and Jeanne Marie Schrader ("Defendants"), on May 4, 2011 (Docket #34) and the Response thereto filed by the Plaintiff, Vectra Bank Colorado N.A. ("Plaintiff") on May 17, 2011 (Docket #35). The Court, having reviewed the pleadings and the within case file, makes the following findings of fact, conclusions of law, and enters the following Order.

**I.     Jurisdiction**

This adversary proceeding brought pursuant to 11 U.S.C. § 523(a)(6) is related to the underlying bankruptcy case, Case No. 10-25590-SBB. As the claim presented seeks determination of dischargeability of a debt this matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 1334.

**II.    Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a):

A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law. The court should state on the record the reasons for granting
or denying the motion.

The movant bears the initial burden of establishing that summary judgment is appropriate.[1] "In response, the non-movant must 'set out specific facts showing a genuine issue for trial.' The non-movant "may not rely merely on . . . its own pleadings."[2] "Rather, it must come forward with facts supported by competent evidence. . . . If the non-movant fails to carry this burden, summary judgment is appropriate."[3]

"An issue of fact is 'genuine' if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party on the issue."[4] "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense."[5] "In determining whether a non-movant asserting a claim or defense has raised a genuine issue of material fact, courts invariably take into account the substantive burden of proof at trial."[6] "Thus, in response to a properly supported motion for summary judgment, a non-movant must produce sufficient evidence for a reasonable trier of fact to find in its favor at trial on the claim or defense under consideration."[7]

As presented, it would appear that there are very few uncontested facts. Consequently, summary judgment is not appropriate.

### III. Established Uncontested Facts

A. On October 15, 2003, the Defendants executed and delivered to the Plaintiff a promissory note ("Note") in the original principal amount of six hundred seventy thousand dollars ($670,000.00). To secure payment of the Note, the Defendants executed a deed of trust ("Deed of Trust") in favor of Plaintiff dated October 15, 2003, recorded in the real estate records

---

[1] *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 256 (1986); *Nanho-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010); *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000).

[2] *Id.* (quoting Fed.R.Civ.P. 56(e)(2)).

[3] *Nanho-Lopez*, 625 F.3d at 1283 (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir.1998)).

[4] *Id.* (quoting *Anderson* 477 U.S. at 248).

[5] *Id.* (citations omitted).

[6] *Id.* (citing *Anderson*, 477 U.S. at 252).

[7] *Id.*

of Douglas County, Colorado on November 5, 2003, at Reception No. 2003160022. By way of the Deed of Trust, the Defendants pledged, as collateral for the Note, the real estate legally described as:

> Lot 225, Roxborough Park North as shown on the recorded plat thereof, County of Douglas, State of Colorado.

Also known by street and number as 6097 Condor Run, Littleton, Colorado 80125 ("Property").[8]

  B. On June 29, 2004, the Defendants executed and delivered to Plaintiff a home line of credit agreement ("HELOC") in the original principal amount of two hundred forty thousand dollars ($240,000.00). To secure payment of the HELOC, the Defendants executed a second deed of trust ("Second Deed of Trust") in favor of the Plaintiff dated June 29, 2004, record in the real estate record of Douglas County on September 7, 2004, at Reception No. 2004093268. In the Second Deed of Trust, the Defendants pledged the Property as collateral for the HELOC.[9]

  C. The Defendants defaulted on the Note and the HELOC and Plaintiff commenced a foreclosure proceeding against the Property. On June 23, 2010, a foreclosure sale was held for the Property and the Property was sold. Later in the day on June 23, 2010, the Defendants filed a voluntary petition under Chapter 7 of the Bankruptcy Code.[10]

## IV. Contested Facts

Defendants' Motion for Summary Judgment is not properly conceived in that, if anything, the Defendants' Motion for Summary Judgment establishes that most, if not all, of the material fact are in dispute. Moreover, the Defendants, by their Motion for Summary Judgment, seem to raise more factual and legal issues than originally presented in the Complaint or Answer. Specifically, but not limited to, the following questions of fact or questions of law and fact are in dispute:

  A. Whether Plaintiff has standing to pursue the claims raised in the Adversary Complaint.

  B. Whether Plaintiff is the real party in interest.

  C. Whether the alleged damages to the Property actually involved fixtures to the property or the personal property of the Defendants.

---

[8] Plaintiff's Complaint at ¶ 2; Defendants' Answer at ¶ 1.

[9] Plaintiff's Complaint at ¶ 3; Defendants' Answer at ¶ 1.

[10] Plaintiff's Complaint at ¶ 4; Defendants' Answer at ¶ 1.

    D.      If the Property was damaged as alleged, was there a debt created thereby and whether such debt should be determined nondischargeable under 11 U.S.C. § 523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity?"

**V.**    **<u>Order</u>**

Based upon the above and foregoing,

IT IS ORDERED that the Verified Motion for Summary Judgment and Memorandum in Support thereof filed by the Defendants (Docket # 34) is DENIED. The one-day trial scheduled to be held on July 21, 2011 at 9:00 a.m. is confirmed. ***However, please note that the Courtroom location has changed to: Courtroom C-402, Byron Rogers Federal Courthouse, 1929 Stout Street, Denver, CO.***

Dated this 7th day of June, 2011.

                                                    BY THE COURT:

                                                    Sidney B. Brooks,
                                                    United States Bankruptcy Judge